Case No: 5:04cr521                                              Filed: 03/07/08
PTSO: [RMS]    PO: [LMN]                                        Doc. #156

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### JOHN H. WOOD JR., U.S. COURTHOUSE
### 655 E. DURANGO BOULEVARD
## SAN ANTONIO, TEXAS 78206

**WILLIAM G. PUTNICKI**
Clerk of Court                                    08CR162

March 5, 2008                **CLERK'S COPY**    FILED

U. S. District Clerk's Office
Northern District of Illinois, Eastern Division          MAR 1 1 2008
219 South Dearborn Street
Chicago, IL 60604                                **MICHAEL W. DOBBINS**
                                                **CLERK, U.S. DISTRICT COURT**

SUBJECT:    Transfer of Jurisdiction of Supervision
            United States vs. Norma Alvarez
            Our Case No. SA-08-CR-162    SA 04 CR 521(2) FB

Dear Deputy Clerk:

The above action has been transferred to your court.

Enclosed is a certified copy of the transfer order and the docket sheet.

You may access electronically filed documents for this case at our CM/ECF web address:
                        . Any documents not available electronically are enclosed in
paper format.

Please acknowledge receipt of the enclosed transfer order, docket sheet and original
documents, if any, by signing and returning the enclosed copy of this letter to the divisional
office at the  address listed above.

                            Sincerely,
                            William G. Putnicki
                            Clerk of Court

                    By:    _____
                            Ruth R. Guerrero
                            Deputy Clerk

Received this _____ day of _____, 200__, by: _____

Case No: 5:04cr521                                                    Filed: 03/06/08
PTSO: [RMS]    PO: [LMN]                                              Doc. #155

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

FILED

MAR 6 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

DEPUTY CLERK

| | DOCKET NUMBER *(Tran. Court)* |
|---|---|
| | SA-04-CR-521(02)FB |
| | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | Western/Texas | San Antonio |

DOCKETED

FEB 2 7 2008

Norma Alvarez

| NAME OF SENTENCING JUDGE |
|---|
| Fred Biery |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | October 22, 2007 | October 21, 2012 |

OFFENSE
Conspiracy to Distribute Heroin and Possession With Intent to Distribute Heroin, Aiding and Abetting

JUDGE ANDERSEN
MAGISTRATE JUDGE DENLOW    08CR    0162    JN

FILED
FEB 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Western_____ DISTRICT OF _____Texas_____

     IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the  Northern District of Illinois  upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____1/29/08_____                    _____
        *Date*                              *United Sates District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____Northern_____ DISTRICT OF _____Illinois_____

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
                                        Deputy

FEB 2 2 2008                    _____
    *Effective Date*                  *United States District Judge*
                                        James F. Holderman

CLOSED, INTERPRETER

## U.S. District Court [LIVE]
### Western District of Texas (San Antonio)
### CRIMINAL DOCKET FOR CASE #: 5:04-cr-00521-FB-2

Case title: USA v. Guzman                                    Date Filed: 10/06/2004
Other court case number: :05- -51072 Fifth Circuit Def #2
Magistrate judge case number: 5:04-mj-00575

---

Assigned to: Judge Fred Biery

Appeals court case number: 05-51072

### Defendant (2)

**Norma Alvarez**                          represented by  **Larry Chris Iles**
*TERMINATED: 07/08/2005*                                   Law Offices of Chris Iles
                                                           4900 Broadway
                                                           Suite 600
                                                           San Antonio, TX 78209
                                                           (210) 392-3678
                                                           Fax: 866/565-5343
                                                           Email: chris@iles.us
                                                           *TERMINATED: 07/08/2005*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: CJA Appointment*

### Pending Counts                          ### Disposition

21:841A=CD.F CONTROLLED SUBSTANCE -        AMENDED SENTENCE: Time Served, 5 years
SELL, DISTRIBUTE, OR DISPENSE-             supervised release on each of counts 1 & 2 to be
CONSPIRACY TO DISTRIBUTE A                 served concurrently. ORIGINAL SENTENCE: 39
CONTROLLED SUBSTANCE                       months imprisonment with credit; 5 years supervised
(1)                                        release; no fine; $200 special assessment

21:841B=CP.F CONTROLLED SUBSTANCE -        AMENDED SENTENCE: Time Served, 5 years
POSSESSION-AIDING AND ABETTING             supervised release on each of counts 1 & 2 to be
POSSESSION WITH INTENT TO DISTRIBUTE A     served concurrently. ORIGINAL SENTTENCE: 39
CONTROLLED SUBSTANCE                       months imprisonment with credit; 5 years supervised
(2)                                        release; no fine; $200 special assessment

### Highest Offense Level (Opening)

Felony

### Terminated Counts                       ### Disposition

None

### Highest Offense Level (Terminated)

None

A true copy of the original, I certify.
Clerk, U. S. District Court

By _____
                          Deputy

### Complaints                              ### Disposition

Conspiracy to Distribute Controlled Substance,
Heroin in violation of 21 USC 841(a)(1), 841(b)(1)
(A)(i) and 846 [ 5:04-m -575 ]

---

**Plaintiff**

**USA**
           represented by **David Shearer**
                  Assistant United States Attorney
                  OCDETF / Narcotics
                  601 NW Loop 410, #600
                  San Antonio, TX 78216-5512
                  (210) 384-7025
                  Fax: 210/384-7028
                  Email: david.shearer@usdoj.gov
                  *LEAD ATTORNEY*
                  *ATTORNEY TO BE NOTICED*

                  **Joseph H. Gay, Jr.**
                  Assistant U.S. Attorney
                  601 N.W. Loop 410
                  Suite 600
                  San Antonio, TX 78216
                  (210) 384-7090
                  Fax: 210/530-6180
                  Email: Joseph.Gay@usdoj.gov
                  *LEAD ATTORNEY*
                  *ATTORNEY TO BE NOTICED*

                  **Michael R. Hardy**
                  Assistant United States Attorney
                  601 NW Loop 410
                  Suite 600
                  San Antonio, TX 78216-5512
                  (210) 384-7150
                  Fax: 210/384-7118
                  Email: mike.hardy@usdoj.gov
                  *LEAD ATTORNEY*
                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2004 | | Arrest of Leonor Crystal Guzman, Norma Alvarez [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | | Case assigned to Honorable John W. Primomo [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | 1 | Complaint filed against Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | | Arrest warrant issued for Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | | Defendant(s) Norma Alvarez first appearance held: Preliminary exam set at 9:30am on 10/5/04 for Norma Alvarez; Defendant informed of rights. [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | 5 | CJA-23 Financial Affidavit filed as to Norma Alvarez [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | 6 | Filed CJA Form #20 as to Norma Alvarez appointing Larry Chris Iles [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | 7 | Order of Temporary Detention as to Norma Alvarez: Bond set to NO BOND for Norma Alvarez. Setting Detention hearing for 9:30am on 10/5/04 for Norma Alvarez signed by Honorable John W. Primomo [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 09/30/2004 | 16 | Minutes of proceedings for Initial Appearance conducted on 9/30/04 as to Norma Alvarez by Judge Primomo. Court Reporter: FTR Gold [ 5:04-m -575 ] (sj) (Entered: 10/04/2004) |
| 10/06/2004 | 29 | Order of Detention: Bond reset to NO BOND for Norma Alvarez. Mooted Bond Motions signed by Judge Pamela A. Mathy [ 5:04-m -575 ] (ac) (Entered: 10/06/2004) |
| 10/06/2004 | 30 | Waiver of preliminary examination by Norma Alvarez : Defendant held to district court. [ 5:04-m -575 ] (ac) (Entered: 10/06/2004) |

| 10/06/2004 | | Case assigned to Honorable Fred Biery (mj) (Entered: 10/12/2004) |
|---|---|---|
| 10/06/2004 | 31 | Indictment filed against Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez Leonor Crystal Guzman (1) count(s) 1, 2, Norma Alvarez (2) count(s) 1, 2, Jose Hernandez (3) count(s) 1, 2, Alfredo Borrego-Duenez (4) count(s) 1, 2, Isaias Vidal Escobedo-Sanchez (5) count(s) 1, 2 (Pages: 3) (mj) (Entered: 10/12/2004) |
| 10/07/2004 | 32 | Motion by Norma Alvarez to reconsider pretrial release order of detention (mj) (Entered: 10/12/2004) |
| 10/08/2004 | 34 | Order as to Norma Alvarez set arraignment for 1:30 10/18/04 for Norma Alvarez signed by Judge Pamela A. Mathy (mj) (Entered: 10/12/2004) |
| 10/08/2004 | 38 | Order bond set: Bond reset to $50,000 unsecured for Norma Alvarez. Mooted Bond Motion(s) motion to reconsider pretrial release order of detention [32-1] as to Norma Alvarez (2) signed by Judge Pamela A. Mathy (rg1) (Entered: 10/13/2004) |
| 10/08/2004 | 39 | Bond filed: $50,000 bond unsecured for Norma Alvarez (rg1) (Entered: 10/13/2004) |
| 10/08/2004 | 43 | Bench warrant returned executed for Norma Alvarez on 9/29/04 (rg1) (Entered: 10/13/2004) |
| 10/14/2004 | 47 | General Order Concerning Authentication of Exhibits as to Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez signed by Honorable Fred Biery (rg1) (Entered: 10/14/2004) |
| 10/15/2004 | 48 | General Order of Discovery as to Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez signed by Honorable Fred Biery (rg1) (Entered: 10/15/2004) |
| 10/15/2004 | 49 | Waiver of personal appearance at arraignment and entry of plea not guilty by Norma Alvarez (2) count(s) 1, 2 signed by Judge Pamela A. Mathy (rg) (Entered: 10/18/2004) |
| 10/19/2004 | 53 | Order as to Norma Alvarez setting rearraignment to 8:30 10/28/04 for Norma Alvarez signed by Honorable Fred Biery (rg1) (Entered: 10/20/2004) |
| 10/25/2004 | 68 | Scheduling order as to Leonor Crystal Guzman, Norma Alvarez, Jose Hernandez, Alfredo Borrego-Duenez, Isaias Vidal Escobedo-Sanchez setting ; Plea agreement to be submitted on or before 11/29/04 for Leonor Crystal Guzman, for Norma Alvarez, for Jose Hernandez, for Alfredo Borrego-Duenez, for Isaias Vidal Escobedo-Sanchez ; Docket Call set for 8:30 12/2/04 for Leonor Crystal Guzman, for Norma Alvarez, for Jose Hernandez, for Alfredo Borrego-Duenez, for Isaias Vidal Escobedo-Sanchez ; Jury trial set for 8:30 12/6/04 for Leonor Crystal Guzman, for Norma Alvarez, for Jose Hernandez, for Alfredo Borrego-Duenez, for Isaias Vidal Escobedo-Sanchez ; Jury Selection set for 8:30 12/6/04 for Leonor Crystal Guzman, for Norma Alvarez, for Jose Hernandez, for Alfredo Borrego-Duenez, for Isaias Vidal Escobedo-Sanchez . signed by Honorable Fred Biery (rg1) (Entered: 10/25/2004) |
| 10/28/2004 | | Rearraignment as to Norma Alvarez held. Guilty plea entered and accepted. Referred to probation for PSI. (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | | Plea of guilty entered by Norma Alvarez (2) count(s) 1, 2. (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | | Referred to Probation for Pre-Sentence Report as to Norma Alvarez (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | | Guilty plea accepted by the court as to Norma Alvarez (2) count(s) 1, 2 ; Mooted Motions: (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | 69 | Minutes of proceedings for Rearraignment conducted on 10/28/04 as to Norma Alvarez by Judge Biery. Court Reporter: Poage (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | 70 | Factual basis by USA as to Norma Alvarez (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | 71 | Waiver of Rule 32 time limits by Norma Alvarez (rg1) (Entered: 10/29/2004) |
| 10/28/2004 | 72 | Order as to Norma Alvarez setting sentencing to 8:30 2/11/05 for Norma Alvarez signed by Honorable Fred Biery (rg1) (Entered: 10/29/2004) |
| 02/09/2005 | 96 | Unopposed Motion by Norma Alvarez to continue sentencing hearing (rg) (Entered: 02/10/2005) |

| | | |
|---|---|---|
| 02/09/2005 | 97 | ORDER as to Norma Alvarez granting motion to continue sentencing hearing [96-1] signed Honorable Fred Biery (rg) (Entered: 02/10/2005) |
| 02/09/2005 | 98 | ORDER as to Norma Alvarez reset sentencing for 8:30 3/4/05 signed by Honorable Fred Biery (rg) (Entered: 02/10/2005) |
| 02/24/2005 | 99 | Order as to Norma Alvarez reset sentencing to 8:30 4/1/05 for Norma Alvarez signed by Honorable Fred Biery (kc) (Entered: 02/25/2005) |
| 02/24/2005 | 100 | Sealed Motion by Norma Alvarez SEALED (kc) (Entered: 02/25/2005) |
| 02/24/2005 | 101 | SEALED Order as to Norma Alvarez granting motion SEALED [100-1] as to Norma Alvarez (2) signed by Honorable Fred Biery (kc) (Entered: 02/25/2005) |
| 03/28/2005 | 109 | Sealed Motion by Norma Alvarez SEALED (rg1) (Entered: 03/31/2005) |
| 03/31/2005 | 110 | SEALED Order as to Norma Alvarez granting motion SEALED [109-1] as to Norma Alvarez (2) resetting sentencing to 8:30 6/17/05 for Norma Alvarez signed by Honorable Fred Biery (rg1) (Entered: 04/01/2005) |
| 03/31/2005 | 111 | Order as to Norma Alvarez resetting sentencing to 8:30 6/17/05 for Norma Alvarez signed by Honorable Fred Biery (rg1) (Entered: 04/01/2005) |
| 04/14/2005 | 112 | Order as to Norma Alvarez resetting sentencing to 8:30 7/8/05 for Norma Alvarez signed by Honorable Fred Biery (rg1) (Entered: 04/15/2005) |
| 07/07/2005 | 127 | Sealed Motion by USA as to Norma Alvarez SEALED (rg) (Entered: 07/08/2005) |
| 07/08/2005 | 128 | Notice of appeal by Norma Alvarez (lp) (Entered: 07/11/2005) |
| 07/08/2005 | 130 | Sealed Order as to Norma Alvarez granting motion SEALED [127-1] as to Norma Alvarez (2) signed by Honorable Fred Biery (rg1) (Entered: 07/11/2005) |
| 07/08/2005 | | Sentencing Norma Alvarez (2) count(s) 1, 2 held Norma Alvarez (2) count(s) 1, 2 . 39 months imprisonment with credit; 5 years supervised release; no fine; $200 special assessment ; Mooted Motions: (rg1) (Entered: 07/11/2005) |
| 07/08/2005 | 132 | Minutes of proceedings for Sentencing conducted on 7/8/5 as to Norma Alvarez by Judge Biery. Court Reporter: Poage (rg1) (Entered: 07/11/2005) |
| 07/11/2005 | | Notice of appeal and certified copy of docket to USCA: as to Norma Alvarez appeal [128-1] (lp) (Entered: 07/11/2005) |
| 07/13/2005 | 135 | Judgment and Commitment as to , Norma Alvarez (2) count(s) 1, 2 ) signed by Honorable Fred Biery (rg1) (Entered: 07/13/2005) |
| 07/13/2005 | | SEALED PSI PLACED IN VAULT as to Norma Alvarez (rg1) (Entered: 07/13/2005) |
| 08/03/2005 | | Return of appeal information sheet received. as to Norma Alvarez appeal [128-1] USCA NUMBER: 05-51072 (lp) (Entered: 08/03/2005) |
| 08/05/2005 | 137 | Transcript filed by Norma Alvarez appeal [128-1] for dates of October 28, 2004, July 8, 2005 (Proceedings Transcribed: Plea and Sentencing) (Court Reporter: Chris Poage) Appeal record due on 8/22/05 for Norma Alvarez (lp) (Entered: 08/08/2005) |
| 08/19/2005 | | Certified and transmitted record on appeal to U.S. Court of Appeals: as to Norma Alvarez appeal [128-1] (lp) (Entered: 08/22/2005) |
| 04/04/2006 | 143 | Certified copy of judgment of USCA as to Norma Alvarez dismissing Norma Alvarez (2) count(s) 1, 2 appeal [128-1] (lp) (Entered: 04/05/2006) |
| 04/05/2006 | | Record on appeal returned from U.S. Court of Appeal as to Norma Alvarez : appeal [128-1] (lp) (Entered: 04/05/2006) |
| 10/10/2007 | 🌐 | Attorney Michael R. Hardy for USA added (rf) (Entered: 10/10/2007) |
| 10/11/2007 | 🌐146 | SEALED MOTION by USA as to Norma Alvarez. (rg1, ) (Entered: 10/12/2007) |
| 10/12/2007 | 🌐149 | AMENDED JUDGMENT as to Norma Alvarez (2), Count(s) 1, AMENDED SENTENCE: Time |

| | | |
|---|---|---|
| | | Served, 5 years supervised release on each of counts 1 & 2 to be served concurrently. ORIGINAL SENTENCE: 39 months imprisonment with credit; 5 years supervised release; no fine; $200 special assessment; Count(s) 2, AMENDED SENTENCE: Time Served, 5 years supervised release on each of counts 1 & 2 to be served concurrently. ORIGINAL SENTTENCE: 39 months imprisonment with credit; 5 years supervised release; no fine; $200 special assessment. Signed by Judge Fred Biery. (rg1, ) (Entered: 10/12/2007) |
| 10/12/2007 | 🌐151 | SEALED ORDER granting 146 Sealed Motion as to Norma Alvarez (2). Signed by Judge Fred Biery. (rg1, ) (Entered: 10/12/2007) |
| 03/06/2008 | 🌐155 | Probation/Supervised Release Jurisdiction Transferred to Northern District of Illinois, Eastern Division as to Norma Alvarez Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rg1, ) (Entered: 03/07/2008) |
| 03/07/2008 | 🌐156 | Clerk's Letter regarding Transfer of Jurisdiction to Northern District of Illinois, Eastern Division as to Norma Alvarez (rg1, ) (Entered: 03/07/2008) |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS     2004 OCT -6 P 1:36

SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**LEONOR CRYSTAL GUZMAN (1),**
**NORMA ALVAREZ (2),**
**JOSE HERNANDEZ (3),**
**ALFREDO BORREGO-DUENEZ (4) and**
**ISAIAS VIDAL ESCOBEDO-SANCHEZ,**
**aka: FRANCISCO GARCIA-ORTEGA (5),**

        Defendants.

## S A 0 4 C R 5 2 1 FB

### I N D I C T M E N T

[Vio: 21 USC § 846 to violate §§ 841(a)(1) & (b)(1)(A)(i): Conspiracy to Distribute a Controlled Substance; 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(i): Possession with Intent to Distribute a Controlled Substance; 18 U.S.C. § 2: Aiding & Abetting]

THE GRAND JURY CHARGES:

### COUNT ONE
[21 U.S.C. § 846 to violate §§ 841(a)(1) & 841(b)(1)(A)(i)]

That beginning on or about September 26, 2004, the exact date unknown, and continuing until on or about September 30, 2004, in the Western District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**LEONOR CRYSTAL GUZMAN (1),**
**NORMA ALVAREZ (2),**
**JOSE HERNANDEZ (3),**
**ALFREDO BORREGO-DUENEZ (4) and**
**ISAIAS VIDAL ESCOBEDO-SANCHEZ,**
**aka: FRANCISCO GARCIA-ORTEGA (5),**

unlawfully, knowingly, and intentionally combined, conspired, confederated and agreed together and with others, to distribute a controlled substance, which offense involved 1 kilogram or more of

31

a mixture or substance containing a detectable amount of heroin, a

Schedule I Controlled Substance, contrary to Title 21, United

States Code, Sections 841(a)(1) & 841(b)(1)(A)(i), and in violation

of Title 21, United States Code, Section 846.

## COUNT TWO
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(i) and 18 U.S.C. § 2]

That on or about September 30, 2004, in the Western District

of Texas, Defendants,

**LEONOR CRYSTAL GUZMAN (1),**
**NORMA ALVAREZ (2),**
**JOSE HERNANDEZ (3),**
**ALFREDO BORREGO-DUENEZ (4) and**
**ISAIAS VIDAL ESCOBEDO-SANCHEZ,**
**aka: FRANCISCO GARCIA-ORTEGA (5),**

aided and abetted by each other, unlawfully, knowingly, and

intentionally possessed with intent to distribute a controlled

substance, which offense involved 1 kilogram or more of a mixture

or substance containing a detectable amount of heroin, a Schedule

I Controlled Substance, in violation of Title 21, United States

Code, Sections 841(a)(1) & 841(b)(1)(A)(i), and Title 18, United

States Code, Section 2.

JOHNNY SUTTON
United States Attorney

DAVID M. SHEARER
Assistant United States Attorney

**FILED**

(W.D.TX. Ref: 245B)(Rev. 02/05) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

JUL 1 3 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

UNITED STATES OF AMERICA

    v.

NORMA ALVAREZ,

    Defendant.

Case Number   SA-04-CR-521(2)FB
USM Number   49165-180

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, NORMA ALVAREZ, was represented by L. Chris Iles.

The defendant pled guilty to Count(s) 1 and 2 of the Indictment on October 28, 2004. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846, 21 USC 841(a)(1) & 841(b)(1)(A)(i) | Conspiracy to Distribute Heroin | September 30, 2004 | 1 |
| 21 USC 841(a)(1) & 841(b)(1)(A)(i), and 18 USC 2 | Possession with Intent to Distribute Heroin, Aiding and Abetting | September 30, 2005 | 2 |

As pronounced on July 8, 2005, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _13_ day of July, 2005.

FRED BIERY
United States District Judge

135-

(W.D.TX. Ref: 245B)(Rev. 02/05) - Imprisonment

Judgment--Page 2

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 39 months on each of Counts 1 and 2 to be served concurrently with credit for time served while in custody for this federal offense.

The Court makes the following recommendations to the Bureau of Prisons:

(a)    That the defendant be incarcerated in a federal facility in or as close to Chicago, Illinois as possible.

(b)    That the defendant be evaluated for and permitted to attend the 500 - Hour Intensive Drug Abuse Education Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
        Deputy Marshal

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 3

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on each of Counts 1 and 2 to be served concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X     The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the Probation Officer, and if deemed necessary by the Probation Officer, the defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependancy which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

(W.D.TX. Ref. 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 4

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

### CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1)   The defendant shall not commit another federal, state, or local crime.

2)   The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3)   In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4)   If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5)   The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6)   If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7)   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8)   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1)   The defendant shall not leave the judicial district without permission of the court or probation officer.

2)   The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3)   The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4)   The defendant shall support his or her dependents and meet other family responsibilities.

5)   The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6)   The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10)  The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11)  The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)  The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 5

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform ____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

(W.D.TX. Ref: 245B)(Rev. 02/05) - CMP

Judgment--Page 6

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $200.00 | $0 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT    FILED

## Western District of Texas
### SAN ANTONIO DIVISION

2007 OCT 12  AM 11: 04

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____
DEPUTY CLERK

UNITED STATES OF AMERICA

    v.

NORMA ALVAREZ,

    Defendant.

Case Number    SA-04-CR-521(2)FB
USM Number    49165-180

### *FIRST AMENDED
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, NORMA ALVAREZ, was represented by L. Chris Iles.

The defendant pled guilty to Count(s) 1 and 2 of the Indictment on October 28, 2004. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846, 21 USC 841(a)(1) & 841(b)(1)(A)(i) | Conspiracy to Distribute Heroin | September 30, 2004 | 1 |
| 21 USC 841(a)(1) & 841(b)(1)(A)(i), and 18 USC 2 | Possession with Intent to Distribute Heroin, Aiding and Abetting | September 30, 2005 | 2 |

As pronounced on July 8, 2005, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. ***This judgment is amended pursuant to an order signed October 12, 2007.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the ___/2___ day of **October, 2007.**

FRED BIERY
United States District Judge

(W.D.TX. Ref: 245B)(Rev. 02/05) - Imprisonment

Judgment--Page 2

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TIME SERVED.**

The Court makes the following recommendations to the Bureau of Prisons:

(a)     That the defendant be incarcerated in a federal facility in or as close to Chicago, Illinois as possible.

(b)     That the defendant be evaluated for and permitted to attend the 500 - Hour Intensive Drug Abuse Education Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 3

Defendant:  NORMA ALVAREZ
Case Number:  SA-04-CR-521(2)FB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on each of Counts 1 and 2 to be served concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X     The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the Probation Officer, and if deemed necessary by the Probation Officer, the defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependancy which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment—Page 4

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 5

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

14)   If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15)   The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16)   The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17)   If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18)   If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19)   If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20)   If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1)   **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2)   **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3)   **COMMUNITY SERVICE:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

(W.D.TX. Ref: 245B)(Rev. 02/05) - CMP

Judgment—Page 6

Defendant: NORMA ALVAREZ
Case Number: SA-04-CR-521(2)FB

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $200.00 | $0 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.